■ TERESA JIMENEZ, Appellant, v HISPANIC CATHOLIC CHARISMATIC CENTER OF THE ARCHDIOCESE OF NEW YORK, Respondent, et al., Defendant. [822 NYS2d 273]—

Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered August 22, 2005, which granted the motion of defendant Hispanic Catholic Charismatic Center of the Archdiocese of New York for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff attended a religious retreat held on the premises of defendant Hispanic Catholic Charismatic Center of the Archdiocese of New York (the Center). The retreat was several days long and plaintiff was required to stay overnight at the Center, which provided both single beds and bunk beds for the participants. The room to which plaintiff was directed contained three bunk beds and one single bed. Only the top portion of a bunk bed remained available to plaintiff. Despite the presence of three bunk beds there was only one ladder in the room. This ladder, which plaintiff characterized as "little" and "small," was neither affixed to nor propped up against any of the bunk beds; it was in one of the corners of the room.

On the first evening of the retreat, plaintiff did not use the ladder. Rather, she reached her bunk by stepping first onto the single bed situated near her bunk. The following morning plaintiff descended her bunk in the same manner. According to plaintiff, neither of the two women who slept on top of the other bunk beds used the ladder; they climbed on and off their respective beds.

On the second evening plaintiff again reached her bunk by first stepping onto the single bed. The next morning, however, plaintiff was unable to descend onto the single bed since the bed was occupied by a fellow retreat participant. As plaintiff attempted to climb off her bunk by stepping down onto the bunk below, she fell and sustained injuries.

Plaintiff subsequently commenced the instant action against the Center, alleging that it failed to maintain its property in a reasonably safe condition by failing to provide a ladder or other safe means to get in and out of her bunk. The Center moved for summary judgment dismissing the complaint as against it, arguing that it satisfied the duty of care owed to plaintiff by providing one ladder for all of the bunk beds in the room. Supreme Court granted the motion.

Triable issues of fact exist regarding whether the Center breached its duty to maintain its premises in a reasonably safe condition (*see Basso v Miller*, 40 NY2d 233 [1976]), whether such breach was a proximate cause of plaintiff's injuries (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308 [1980]), and whether plaintiff was comparatively negligent. Accordingly, Supreme Court erred in granting summary judgment in the Center's favor. Concur—Mazzarelli, J.P., Sweeny, Catterson, Mc-Guire and Malone, JJ.